# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J&J Sports Productions, Inc., <br><br> Plaintiff <br><br> v. <br><br> City Lights Bar & Grill, LLC, et al., <br><br> Defendants | Case No.: 2:18-cv-00746-JAD-NJK <br><br> **Order Dismissing Claims against Jimmy Smith under FRCP 4(m) & Directing Further Action** |

On August 17, 2018, the Clerk of Court served plaintiff with notice of intent to dismiss its claims against Jimmy Smith without prejudice for lack of service "unless proof of service is filed with the clerk by 09/17/2018. Service on the party must have taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period. Failure to comply with this notice may result in dismissal of the action without prejudice as to said parties."[1] Plaintiff has not shown that Smith was served or shown good cause why it wasn't.

FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

---
[1] ECF No. 4.

specified time."[2] Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[3]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims against this defendant. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] A court's warning to a party that

---

[2] Fed. R. Civ. Proc. 4(m).

[3] Fed. R. Civ. Proc. 4(c).

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[8] And that warning was given here.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Because J&J Sports Productions, Inc. has not demonstrated that process has been served on defendant Jimmy Smith within the time prescribed by FRCP 4(m), **IT IS THEREFORE ORDERED that the claims against Jimmy Smith are DISMISSED without prejudice** under FRCP 4(m).

The Clerk of Court entered default against the only other defendant in this case (City Lights Bar & Grill, LLC) on 8/1/19,[10] and no action has been taken in this case since that date. **IT IS FURTHER ORDERED that plaintiff has until 3/13/2020 to file a proper motion for default judgment against City Lights. If plaintiff fails to file a proper motion against City Lights by that date, this case will be deemed abandoned, and the court will enter an order dismissing and closing it without further notice.**

Dated: February 19, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.
[9] ECF No. 4.
[10] ECF No. 12.

3